Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CRISTIAN RIVERS**, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**CEVICHE TIME, LLC d/b/a CEVICHE TIME BY MAICELO and LUIS BARRIOS**,<br><br>Defendants. | Civil Action No.: 23-21277 (ES) (JSA)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Cristian Rivers's ("Plaintiff") unopposed motion for default judgment against defendants Ceviche Time, LLC, doing business as Ceviche Time by Maicelo, ("Ceviche"), and Luis Barrios ("Barrios") (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). (D.E. No. 11 ("Motion" or "Mot.")). Having considered Plaintiff's submission, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's Motion is **DENIED** in-part *without prejudice* and **RESERVED** in-part.

**I.      BACKGROUND**

   **A.      Factual History**

This action arises out of Defendants' alleged failure to provide Plaintiff with minimum wages and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), and the New Jersey State Wage and Hour Law ("NJWHL"), N.J. Stat. Ann.

§ 34:11-56, *et seq.* (Count II). (*See generally* D.E. No. 1 ("Complaint" or "Compl.")).[1] Defendant Ceviche is a restaurant located at 4538 Bergenline Avenue in Union City, New Jersey. (*Id.* ¶ 14). Plaintiff maintains Ceviche engages in interstate commerce because it relies heavily on food and products that have been transported over state lines. (*Id.* ¶ 17). Defendant Barrios, known and referred to as Plaintiff's "Boss," is Ceviche's principal officer. (*Id.* ¶¶ 18–19). According to the Complaint, Barrios hired Plaintiff to work at Ceviche as a kitchen supervisor and cook, where Plaintiff maintained employment between approximately April 22, 2022, to June 28, 2022, and again between approximately November 28, 2022, to September 23, 2023. (*Id.* ¶¶ 3, 14, 20 & 46). In addition, Barrios allegedly determined Plaintiff's work assignments, workload, schedule, rate of pay, and hours worked. (*Id.* ¶ 20).

Plaintiff alleges Defendants did not pay him minimum wage and overtime "despite working approximately seventy (70) hours per week." (*Id.* ¶ 4; *id.* ¶¶ 2 & 6). Specifically, Plaintiff maintains he worked seven (7) days per week, including (i) Monday to Thursday from 8:00 AM to 8:00 PM, (ii) Friday from 8:00 AM to 11:00 PM, and (iii) Saturday and Sunday from 12:00 PM to 11:00 PM. (*Id.* ¶ 47). In addition, Plaintiff alleges Defendants paid him (i) $12.00 per hour in 2022 until February 2023, (ii) $13.00 per hour from February to August of 2023, and (iii) $14.00 per hour "until the end of his employment with the Defendants." (*Id.* ¶ 49; *id.* ¶ 4). Defendant allegedly did not "possess a time clock in order to record, document, and memorialize Plaintiff's work hours, and Plaintiff was not required to record his hours of work otherwise." (*Id.* ¶ 48). Furthermore, Defendant purportedly paid Plaintiff in cash. (*Id.* ¶ 49).

Plaintiff maintains Defendants "willfully and intentionally committed widespread

---

[1] Plaintiff brought this case as a "collective action" pursuant to 29 U.S.C. § 216(b). (*See* Compl. ¶¶ 1 & 22–32). Plaintiff, however, has not pursued a collective action and does not seek default judgment on behalf of the collective. Further, no other plaintiffs have opted in to the collective. Therefore, the Court will only assess the Motion as it pertains to Plaintiff's individual claims.

2

violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek." (*Id.* ¶ 6; *see also id.* ¶ 35 (alleging Defendants' conduct "has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff")). For example, Plaintiff asserts Defendants "refused" to record the number of hours he worked, including his overtime. (*Id.* ¶ 7; *see also id.* ¶ 34(b) (alleging Defendants "fail[ed] to keep accurate records of hours worked by employees as required by the FLSA and NJWHL"); *id.* ¶ 53 (alleging Defendants "intentionally fail[ed] to maintain <u>accurate</u> and complete timesheets and payroll records" (emphasis in original))).

In addition to claims brought under the FLSA and NJWHL, Plaintiff brings an action for "[c]ivil damages for fraudulent filing of IRS returns" in violation of 26 U.S.C. § 7434 (Count III). (*Id*. ¶¶ 79–81).

### B. Procedural History

Plaintiff commenced this action on October 19, 2023. (D.E. No. 1). On October 24, 2023, Plaintiff served the Complaint and summons on defendant Ceviche. (D.E. No. 4). On November 21, 2023, after Ceviche's time to answer or otherwise respond expired, Plaintiff requested entry of default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (D.E. No. 6).[2] On November 27, 2023, the Clerk of Court entered default against defendant Ceviche only. Meanwhile, on November 24, 2023, Plaintiff served the Compliant and summons on defendant Barrios. (D.E. No. 8). On February 27, 2024, Plaintiff requested entry of default pursuant to Rule 55(a) against defendant Barrios. (D.E. No. 9). The next day, on February 28, 2024, the Clerk of Court entered

---

[2] Plaintiff's request appears to have been prompted by a Text Order issued by Magistrate Judge Jessica S. Allen on the same day directing Plaintiff to timely request entry of default or seek other appropriate relief. (D.E. No. 5).

default against defendant Barrios. Over two months later, on May 8, 2024, Plaintiff filed the instant motion for default judgment. (Mot.; *see also* D.E. No. 11-1 ("Mov. Br.")). As of the date of this Opinion, Plaintiff's Motion is unopposed.

## II. LEGAL STANDARD

A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against them. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment pursuant to Rule 55(b), the moving party must first obtain an entry of default from the Clerk of Court pursuant to Rule 55(a). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). After obtaining an entry of default, parties are not entitled to the subsequent entry of default judgment as of right; rather, it is within the discretion of the court whether to enter default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

"Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Travelodge Hotels, Inc. v. Wilcox Hotel, LLC*, No. 17-0391, 2018 WL 1919955, at *3 (D.N.J. Apr. 23, 2018). A party seeking default judgment is not entitled to relief as a matter of right; rather, the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-0896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C Constr. Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc.*

4

*v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted)). "While the court may conduct a hearing to determine the damages amount, a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (cleaned up) (citations and internal quotation marks omitted).

In addition, the Court must consider the following three factors prior to granting default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A meritorious defense is one that "if established at trial, would completely bar plaintiff's recovery." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (quoting *Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993) (internal quotation marks omitted)).

### III.   DISCUSSION

#### A.   Jurisdiction and Proof of Service

First, the Court is satisfied that it has subject matter jurisdiction over Plaintiff's FLSA and NJWHL claims (Counts I & II, respectively), as well as its claim pursuant to 26 U.S.C. § 7434 (Count III). The Court has subject matter jurisdiction over Counts I and III because they arise under the laws of the United States. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's NJWHL claim because it is related to and arises out of the same controversy as the FLSA claim. *See* 28 U.S.C. § 1367(a).

Second, the Court is also satisfied that it has personal jurisdiction over Defendants. With respect to personal jurisdiction of a company, "the place of incorporation and principal place of

5

business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (alteration in original). "Courts have applied the *Daimler* rules to limited liability companies with equal force." *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (quoting *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018) (internal quotation marks omitted)). The Complaint provides that defendant Ceviche's principal place of business is 4538 Bergenline Avenue, Union City, New Jersey. (Compl. ¶ 16; *see also* Mov. Br. at 2). Accordingly, the Court may exercise general personal jurisdiction over Ceviche. As to defendant Barrios, the Court has jurisdiction over him because he was served in New Jersey. (*See* D.E. No. 8 (reflecting service in North Bergen, New Jersey); *see also* Mov. Br. at 2); *Gerber v. A&L Plastics Corp.*, No. 19-12717, 2021 WL 3616179, at *4 (D.N.J. Aug. 16, 2021) (explaining that in-state service of process confers personal jurisdiction) (citations omitted).

Third, the Court must examine whether Defendants were properly served in this matter. Plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019). Federal Rule of Civil Procedure 4 sets forth how a defendant may be served with process. When located in the United States, an entity defendant, such as a corporation or LLC, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporate defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) (cited by Fed. R. Civ. P. 4(h)(1)(A)). Relevant here, New Jersey Court Rule 4:4-4(a)(6) permits service of process on a corporate

6

defendant by way of "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." If service cannot be accomplished on any of those persons, New Jersey law provides that service can be made "on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties." N.J. Ct. R. 4:4-4(a)(6).

Plaintiff apparently served "Jane Doe," a bartender at Ceviche, who provided "verbal confirmation that he or she [was] authorized by appointment or law to receive service on behalf of [Ceviche]." (D.E. No. 4). Thus, Plaintiff argues he properly served Ceviche, an LLC, pursuant to Rule 4(h)(1)(A), which permits service on corporations in the same manner as individuals under Rule 4(e)(1). (Mov. Br. at 2). Specifically, Plaintiff appears to argue that he properly served Ceviche under Rule 4(e)(1) because "JANE DOE, an individual . . . refused to give her name [but] . . . affirmatively stated that she was designated by law to accept service of process on behalf of the Defendant LLC." (*See id.*).

The Court is not satisfied that Plaintiff properly served defendant Ceviche under the federal or New Jersey court rules. Indeed, Plaintiff makes no suggestion and fails to offer any evidence in support of the notion that the unnamed "Jane Doe" bartender had the authority to accept service on Ceviche's behalf under Rule 4(h)(1)(A), Rule 4(h)(1)(B), or New Jersey Court Rule 4:4-4(a)(6). (*See* Mov. Br. at 2; *see also* D.E. No. 11-4 (Affidavit of L. Stillman) ¶ 16). Moreover, "[e]ven assuming *arguendo* that the 'Jane Doe' was employed by Defendant, this would not be enough, standing alone, to establish her authorization." *See Ratchford v. Foxtials Lounge*, No. 22-1802, 2023 WL 7019274, at *3 (D.N.J. Oct. 24, 2023) (citing *Siegmeister v. Benford*, No. 15-7099, 2017

WL 2399573, at *5 (D.N.J. June 1, 2017) ("Courts have held that service on receptionists or secretaries at defendants' places of business generally is insufficient under Rule 4(e) unless the defendants expressly appointed those employees to receive process.")).

For these reasons, Plaintiff's motion for default judgment as to defendant Ceviche is **DENIED** *without prejudice*. *See, e.g.*, *Manning v. Willingboro Chicken LLC*, No. 21-0542, 2021 WL 4391282, at *3 (W.D. Pa. Sept. 24, 2021) ("While the certificate of service states vaguely that 'PERSON AUTHORIZED TO ACCEPT,' such a statement is insufficient to find that the person served was 'authorized by appointment or by law to receive service of process on behalf of the corporation,' because the certificate did not name the person and did not appropriately identify the person's authority to accept service and their role within the [d]efendant's corporation."); *Rastelli Bros., Inc. v. Just. Gov't Supply, Inc.*, No. 24-0390, 2024 WL 4425652, at *1 (D.N.J. Oct. 3, 2024) (finding that plaintiff "fail[ed] to meet its burden to show proper service ha[d] been effectuated as to the corporate [d]efendant" because it did not "demonstrate[ ] by affidavit or other factual evidence that Mr. Pietro is in fact 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process,' Fed. R. Civ. P. 4(h)(1)(B), or that he holds a similar role that satisfies Federal Rule of Civil Procedure 4(h) or New Jersey Court Rule 4:4-4").[3]

---

[3] *See Nyholm v. Pryce*, 259 F.R.D. 101, 104–05 (D.N.J. 2009) (denying entry of default judgment where plaintiff failed to offer any direct or circumstantial evidence demonstrating that an "Associate Administrator" was a person capable of accepting service under Fed. R. Civ. P. 4(h)(1)(B)); *see also Anderson v. Loc. 435 Union*, 791 F. App'x 328, 331 (3d Cir. 2019) (affirming denial of default judgment against corporation where record was "bereft of any evidence" demonstrating that attorney was authorized to receive service of process under Rule 4(h)(1)(B)); *Gutierrez v. Medtronic plc*, No. 22-5573, 2023 WL 376014, at *4 (D.N.J. Jan. 5, 2023) (finding that plaintiff failed to satisfy burden of proving service under Fed. R. Civ. P. 4(h)(1)(B) and N.J. Ct. R. 4:4-4(a)(6) where the only evidence to support service was an affidavit's reference to the served individual as an "Authorized Agent"), *report and recommendation adopted*, No. 22-5573, 2023 WL 375729 (D.N.J. Jan. 24, 2023). Indeed, in *Gutierrez*, Magistrate Judge Hammer required plaintiff to supplement the record as to the propriety of service on the corporate defendant where the process server merely indicated that he "[l]eft a copy with a person authorized to accept service, e.g., managing agent, registered agent, etc." without any additional information from the parties. 2023 WL 376014, at *2 (alteration in original).

Although it appears Plaintiff properly served defendant Barrios personally (*see* D.E. No. 8), the Court will, in an effort to conserve judicial resources, reserve on the merits of Plaintiff's motion for default judgment as to defendant Barrios pending further action by Plaintiff as set forth in the Court's accompanying Order.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for default judgment (D.E. No. 11) in-part *without prejudice* as to defendant Ceviche and **RESERVES** in-part as to defendant Barrios. An appropriate Order accompanies this Opinion.

Dated: December 3, 2024                                      *s/ Esther Salas*
                                                                                            **Esther Salas, U.S.D.J.**